UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

ARNOLD SCHWARTZ,

                                   Plaintiff,

       - against -

UNITED STATES OF AMERICA,

                                 Defendant.

------------------------------------------------------X

19-cv-7846 (VSB)

**OPINION & ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___9/17/2020___

Appearances:

Kurt Dominic Robertson
Krentsel & Guzman, LLP
New York, NY
*Counsel for Plaintiff*

Lucas Estlund Issacharoff
United States Attorney's Office
Southern District Of New York
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

       Before me is Defendant the United States of America's[1] motion to dismiss, (Doc. 6),

Plaintiff Arnold Schwartz's Complaint, (Doc. 1), which asserts claims of medical malpractice

and negligent hiring against the James J. Peters VA Medical Center (the "VA"), pursuant to the

Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*  Because Plaintiff has failed to adequately

exhaust his administrative remedies, Defendant's motion to dismiss is GRANTED.

---

[1] As explained in this Opinion & Order, the United States is the proper defendant in this case and is accordingly substituted as defendant in place of the James J. Peters VA Medical Center.

I.      **Factual Background & Procedural History**[2]

Plaintiff went to the James J. Peters VA Medical Center in the Bronx, New York, on May 22, 2018, and reported that he was unable to empty his bladder. (SF-95, at 4.) While at the VA, on May 24, 2018, Plaintiff fell when the metal bed frame on his bed came loose as he was attempting to hold on to the bed. (*Id.*) As a result, Plaintiff sustained a right hip fracture requiring surgery, and suffered "loss of mobility," a "laceration," and "altered mental status." (*Id.* at 1, 4.) Plaintiff continued to receive care from the VA until July 25, 2018. (*Id.* at 1; Compl. ¶ 11.)

Plaintiff submitted an SF-95 administrative claim related to his injury, which the VA received on November 16, 2018. (*See* SF-95; *see also* Wolf Decl. ¶ 3.)[3] In addition to describing the above facts, the claim reads as follows:

> The Bronx Veterans Hospital was negligent in providing the claimant with a dangerous condition; in providing the claimant with a bed with loose frames; in not properly checking/maintaining a condition which was in their control; in not properly assessing the claimant as a risk for falls; in not properly treating claimant as a falls risk; in not properly inspecting beds/rails/etc for patients prior to claimant's fall; in failing to renovate/repair the claimant's bed.

(SF-95 at 4.) Plaintiff sought $5,000,000.00 in damages. (*Id.* at 1.) To date, the VA has not taken action on Plaintiff's administrative claim. (Wolf Decl. ¶ 4.)

Plaintiff filed the Complaint in this action on August 21, 2019. (Doc. 1.) The Complaint contains two claims against the VA, the first for medical malpractice, and the second for

---

[2] This factual background is derived from the allegations in Plaintiff's Complaint. (Doc. 1 ("Compl.").) I assume the allegations set forth in the Complaint to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). However, my references to these allegations should not be construed as a finding as to their veracity, and I make no such findings in this Opinion & Order. In addition to the Complaint, I also take judicial notice of Exhibit 1 to the Declaration of Marcia Raicus. (Doc. 8-1 ("SF-95").) This exhibit is Plaintiff's Standard Form 95 Notice of Claim under the FTCA, signed on November 9, 2018. *See Chidume v. Greenburgh-N. Castle Union Free Sch. Dist.*, No. 18-CV-01790 (PMH), 2020 WL 2131771, at *13 n.5 (S.D.N.Y. May 4, 2020) (considering an administrative Notice of Claim on a motion to dismiss).

[3] "Wolf Decl." refers to the Declaration of Lisa Wolf in support of Defendant's motion to dismiss. (Doc. 6-2.)

negligent hiring.[4]  Plaintiff's first cause of action alleges that the treatment rendered by the VA was "not in accord with good and acceptable standards of medical and/or surgical care," and that the VA was "negligent, careless and reckless in supervising the prescription of medicine, medical and/or surgical care and treatment rendered to Plaintiff."  (Compl. ¶¶ 12–13.)  Plaintiff's second cause of action alleges that the VA "failed to investigate the qualifications, competence, capacity, abilities and capabilities of" medical staff, resulting in Plaintiff having been treated by staff who were lacking in the requisite skills and abilities, ultimately causing Plaintiff's injuries. (*Id*. ¶¶ 18–21.)  Plaintiff's Complaint seeks $10,000,000.00 in damages.  (*Id*. ¶¶ 17, 24.)

On October 28, 2019, Defendant moved to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1), and also moved to substitute the United States for the VA as defendant in this case.  (Doc. 6.)[5]  On November 27, 2019, Plaintiff filed a memorandum of law in opposition to Defendant's motion to dismiss for lack of jurisdiction.  (Doc. 8.)[6]  Briefing on this motion became complete when Defendant filed its reply memorandum of law on December 11, 2019.  (Doc. 9.)

## II.    Legal Standard

"Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Morrison v. Nat'l Austl. Bank Ltd*., 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010); *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject

---

[4] Plaintiff previously filed nearly identical claims in *Schwartz v. James J. Peters VA Medical Center*, No. 1:19-cv-1635-LGS (S.D.N.Y. Feb. 21, 2019), but voluntarily dismissed the case pursuant to Federal Rule of Civil Procedure 41(a)(2), without prejudice, before filing this case.  *See id.* Dkt. Nos. 31–34.

[5] The motion included as attachments a memorandum of law, Wolf declaration and an exhibit.  (Docs. 6-1, 6-2, 6-3.)

[6] Plaintiff's opposition included as attachments the Raicus declaration and an exhibit.  (Doc. 8-1.)

matter jurisdiction as the "threshold question" (internal quotation marks omitted)).  While a district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction," "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (alteration, internal quotation marks, and citation omitted).

###    III.    Discussion

####       A.    *Motion to Substitute*

The Federal Tort Claims Act ("FTCA") provides a limited waiver of the United States' sovereign immunity for "claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]"  28 U.S.C. § 1346(b)(1).  "The FTCA does not authorize lawsuits against federal agencies, 28 U.S.C. § 2679(a), so th[is] action must be brought against the United States, not the VA."  *See Klein v. Dep't of Veterans Affairs*, No. 1:18-CV-00360 EAW, 2019 WL 1284270, at *4 (W.D.N.Y. Mar. 20, 2019) (collecting cases); *see also Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991) ("[A]n action [under the FTCA] must be brought against the United States rather than an agency thereof.").  Plaintiff's opposition memorandum does not even attempt to oppose Defendant's motion to substitute, nor could it in light of the FTCA's limited waiver of sovereign immunity.  Accordingly, Defendant's motion to substitute the United States as defendant in place of the VA is granted.

####### B.     *Exhaustion of Administrative Remedies*

Pursuant to the FTCA, prior to initiating an action against the United States, a plaintiff must first have "presented the claim to the appropriate Federal agency and his claim shall have been finally denied."  28 U.S.C. § 2675(a).  "Because this presentment requirement serves to ease court congestion and to permit expeditious settlement without 'costly and time-consuming litigation,' *McNeil v. United States*, 508 U.S. 106, 111–12 (1993), the claimant must provide the agency with enough information to permit it 'to conduct an investigation and to estimate the claim's worth,' *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998)."  *Yunkeung Lee v. United States*, 570 F. App'x 26, 27 (2d Cir. 2014), as corrected (June 23, 2014) (summary order). "Although the presentment 'need not meet formal pleading' standards, the requirement is jurisdictional and must be 'adhered to strictly.'"  *Id.* (citing *Johnson ex rel. Johnson v. United States*, 788 F.2d 845, 848–49 (2d Cir. 1986), *overruled on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988)); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (stating that § 2675(a)'s exhaustion requirement is "jurisdictional and cannot be waived").  "A claim must be specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims."  *Romulus*, 160 F.3d 131, 132 (per curiam).

Plaintiff failed to adequately present his medical malpractice and negligent hiring claims on his SF-95, and therefore has failed to exhaust his administrative remedies regarding his claims, depriving the Court of jurisdiction.  Plaintiff's SF-95 asserts that his loose bed frame caused him to fall and sustain a hip injury, and presents claims involving the VA's common law negligence and premises liability in connection with the fall risk presented by the bed frame.  In contrast, the Complaint does not mention the loose bed frame or Plaintiff's fall, but alleges that the VA provided Plaintiff with medical care that was not in accordance with acceptable medical

standards, and that the VA hired staff that lacked the requisite skills and capabilities to render adequate medical treatment.  Plaintiff's characterization of his claims in the SF-95 as sounding in common law negligence thus failed to notify the VA that Plaintiff's claims included allegations that he received negligent medical care, or that the VA negligently hired VA employees.  The SF-95 thus failed to meet the FTCA's specificity requirement, because the notice of claim did not provide enough information "to permit the agency to conduct an investigation" related to the alleged substandard medical treatment Plaintiff received, which was not mentioned in the notice. *Romulus*, 160 F.3d at 132.  Analogous cases have similarly held that when a notice of claim asserts one cause of action, but fails to assert a different cause of action comprised of unique elements, such notice does not meet the FTCA's exhaustion requirement for the latter claim.  *See Mayes v. United States*, 790 F. App'x 338, 339–40 (2d Cir. 2020) ("Mayes's initial administrative claim asserted only medical malpractice and did not include an informed consent claim.  That did not satisfy the FTCA's exhaustion requirement . . . ."); *Lassic v. United States*, No. 14-CV-9959 KBF, 2015 WL 5472946, at *4 (S.D.N.Y. Sept. 16, 2015), *aff'd*, 668 F. App'x 395 (2d Cir. 2016) (medical malpractice claim in SF-95 did not provide the requisite specificity to administratively exhaust failure to warn and negligent hiring claims, when "Plaintiff's SF 95 filing [was] silent as to both . . . . claims."); *M.A.R. ex rel. Reisz v. United States*, No. 09 CIV. 1727 (LTS), 2009 WL 3877872, at *4 (S.D.N.Y. Nov. 18, 2009) ("lack of informed consent claim does not automatically inhere in an administrative claim alleging negligent medical malpractice," because notice of claim failed to include the "necessary factual premise for a lack of informed consent claim under New York law"); *see also MBE Capital Partners LLC v. AVPOL Int'l LLC*, No. 17 CIV. 5992 (PGG), 2019 WL 568587, at *6 (S.D.N.Y. Feb. 11, 2019) (fraud allegations in notice of claim inadequate to exhaust negligence and conversion claims);

*Schunk v. United States*, 783 F. Supp. 72, 81 (E.D.N.Y. 1992) (finding that Plaintiff failed to exhaust FTCA claims alleging negligent prescription of multiple drugs, where Plaintiff only mentioned one drug in his notice of claim).

In addition to the fact that Plaintiff's SF-95 failed to provide enough information for the VA to investigate the nature of his claims, Plaintiff also failed to present enough information so that the VA could "estimate the claim[s'] worth." *Romulus*, 160 F.3d at 132. Indeed, although Plaintiff's SF-95 valued his common law negligence claim at $5,000,000.00, Plaintiff's Complaint values his medical malpractice and negligent hiring claims at $10,000,000.00 each. (Comp. ¶¶ 17, 24.) This discrepancy underscores Plaintiff's failure to adequately present his claims to the administrative agency, and concluding otherwise would undermine "the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims." *Romulus*, 160 F.3d at 132; *Cf. Yunkeung Lee v. United States*, 570 F. App'x 26, 28 (2d Cir. 2014), *as corrected* (June 23, 2014) (holding that plaintiff failed to comply with presentment requirement where plaintiff failed to provide requested itemized medical expenses, because "although the SF 95 described the alleged accident, this was insufficient to permit the Army to 'estimate the . . . worth' of [plaintiff's] claim for $5 million in damages. *Romulus* [], 160 F.3d at 132."); *Collins v. United States Postal Serv.*, No. 18CV4752SJFARL, 2020 WL 2734362, at *7 (E.D.N.Y. May 26, 2020) (discrepancy between $10,000,000 sum certain set forth on the SF95 and the medical bills submitted by plaintiff "itself warranted investigation . . . [and] documentation that would allow [agency] to properly evaluate [plaintiff's] claim[,]" and failure to provide such documentation rendered plaintiff's presentment inadequate). Indeed, 28 U.S.C. § 2675(b) explicitly states, with certain exceptions not applicable here, that an "[a]ction under this section shall not be instituted for any sum in excess of the amount of the claim presented to

the federal agency."

IV.    **<u>Conclusion</u>**

For the foregoing reasons, Defendant's motion to dismiss, (Doc. 6), Plaintiff's Complaint

is GRANTED.  The Clerk of Court is directed to terminate the open motion at Document 6, and

is further directed to close this case.

SO ORDERED.

Dated: September 17, 2020
       New York, New York

Vernon S. Broderick
United States District Judge